THOMAS E. FRANKOVICH (State Bar No. 074414)
KRISTINA M. WERTZ (State Bar No. 235441)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:  415/674-8600
Facsimile:  415/674-9900

Attorneys for Plaintiffs
NICOLE MOSS
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLE MOSS, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,

Plaintiffs,

v.

IZZY'S STEAK & CHOP HOUSE, INC., a California corporation; and LOUIS KALISKI, INC., a California corporation,

Defendants.

CASE NO. C04-4970 MMC

STIPULATION OF DISMISSAL AND [~~PROPOSED~~] ORDER THEREON

The parties, by and through their respective counsel, stipulate to dismissal of this action in its entirety with prejudice pursuant to Fed.R.Civ.P.41(a)(1). Outside of the terms of the Settlement Agreement and General Release ("Agreement") herein, each party is to bear its own costs and attorneys' fees. The parties further consent to and request that the Court retain jurisdiction over enforcement of the Agreement. *See* Kokonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) (empowering the district courts to retain jurisdiction over enforcement of settlement agreements).

Therefore, IT IS HEREBY STIPULATED by and between parties to this action through their designated counsel that the above-captioned action be and hereby is dismissed with prejudice pursuant to Federal Rules of Civil Procedure section 41(a)(1).

This stipulation may be executed in counterparts, all of which together shall constitute one original document.

DATED: July 14, 2005

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____/s/_____
KRISTINA M. WERTZ
Attorneys for Plaintiffs NICOLE MOSS, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation

DATED: June 30, 2005

SLIJEPCEVICH & ASSOCIATES

By: _____/s/_____
DANIEL SLIJEPCEVICH
Attorneys for Defendant IZZY'S STEAK & CHOP HOUSE, INC., a California corporation; and LOUIS KALISKI, INC., a California corporation

## ORDER

IT IS HEREBY ORDERED that The above-titled matter is dismissed with prejudice pursuant to Fed.R.Civ.P.41(a)(1). IT IS FURTHER ORDERED that the Court shall retain jurisdiction for the purpose of enforcing the parties' Settlement Agreement and General Release, a copy of which is attached, should such enforcement be necessary.

Dated: JUL 29 2005, 2005

/s/ Hon. Maxine M. Chesney
U.S. District Judge

STIPULATION OF DISMISSAL AND [PROPOSED] ORDER THEREON

# MUTUAL SETTLEMENT AGREEMENT AND RELEASE

**THIS MUTUAL SETTLEMENT AGREEMENT AND RELEASE** is entered into by and between NICOLE MOSS, an individual, and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, (hereinafter referred to as "MOSS/DREES"), on the one hand and IZZY'S STEAK & CHOP HOUSE, INC., a California corporation; and LOUIS KALISKI, INC., a California corporation (hereinafter referred to as "IZZY PARTIES") on the other hand, to resolve any and all disputes including, but not limited to, the equitable relief sought, compensatory and statutory damages, attorneys' fees, costs and litigation expenses, arising out of and relating to the action entitled *NICOLE MOSS, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation v. IZZY'S STEAK & CHOP HOUSE, INC., a California corporation; and LOUIS KALISKI, INC., a California corporation* U.S. District Court, Northern District of California Case No. C04-4970 MMC.

## RECITALS:

A.     On or about April 25, 2004, MOSS/DREES filed an action entitled *NICOLE MOSS, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation v. IZZY'S STEAK & CHOP HOUSE, INC., a California corporation; and LOUIS KALISKI, INC., a California corporation* in the United States District Court for the Northern District of California, docketed as Case No. C04-4970 MMC (the "Action"). The complaint in the Action alleges causes of

action for violation of the Americans with Disabilities Act of 1990; California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54.1, 54.2, 54.3, and 55; California Health & Safety Code §19955, *et seq.*; and California Business & Professions Code §17200, *et seq*. The complaint seeks, amongst other relief, the removal of architectural barriers and/or changes to policies, practices and procedures.

 B. The parties desire to settle and compromise all claims that were or could have been raised in the subject action.

## GENERAL TERMS

 1. Whenever the singular is used in this Mutual Settlement Agreement and Release, it includes the plural. Whenever the masculine gender is used, it includes the feminine or neuter gender. Whenever the words "complaint," "action" or "lawsuit" are used, they include any and all amended complaints, amendments to complaints, cross-complaints, amended cross-complaints, amendments to cross-complaints, complaints in intervention, amended complaints in intervention, and amendments to complaints in intervention. Whenever the word "lien" is used, it includes any and all liens of any type and kind, including but not limited to those provided by law and by contract.

 2. MOSS/DREES in executing this Mutual Settlement Agreement and Release, shall be deemed to have executed this Release for themselves and their heirs, executors, administrators, successors and assigns, and anyone else who may purport to claim an interest by or through them.

 3. Whenever the name of a party released and discharged is used, it shall include the shareholders, directors, officers, agents, representatives, employees, affiliated entities, parent companies, partners, attorneys, insurers, heirs, executors, beneficiaries, administrators,

successors and assigns of the party and all other persons for whose acts and omissions said party may be held liable.

## AGREEMENT

1. The above Recitals and General Terms are incorporated into this Agreement.

2. **Monetary Relief**

MOSS/DREES (the "Releasors"), in consideration of the sum of Fifteen Thousand ($15,000.00) Dollars as total payment and the remedial measures and/or policy, procedure and practice measures to be taken as set forth in paragraph 3 herein, hereby forever release and discharge IZZY PARTIES and their agents, employees, representatives, affiliates, divisions, subsidiaries, partners, associates, principals, attorneys, insurers, predecessors, heirs, beneficiaries, successors and assigns (collectively the "Released Parties") of and from all claims, demands, damages, losses of any kind, liabilities, bodily injury, emotional distress, actions and causes of action of every kind and nature, including attorneys' fees, costs and litigation expenses arising out of and in any way related to the Action, known or unknown, existing, claimed to exist, suspected or unsuspected, or which can ever hereafter arise out of or result from or in connection with any and all acts and omissions of the Released Parties from the beginning of time to and including the date this Agreement is executed by the Releasors, including but not limited to the matters and things described and alleged in the Action. Payment of the Fifteen Thousand ($15,000.00) Dollars shall be made jointly to NICOLE MOSS, DREES and Thomas E. Frankovich, APLC, at 2806 Van Ness Avenue, San Francisco, CA 94109 upon execution by MOSS/DREES and delivery to counsel for IZZY PARTIES of this Mutual Settlement Agreement and Release.

3. **Equitable Relief**

As to the equitable relief demanded by MOSS/DREES, MOSS/DREES agree that as consideration for the settlement, IZZY PARTIES has caused modifications to be constructed in compliance with the more restrictive requirements of either Title 24 of the California Building Standards Code or the Americans with Disabilities Act Accessibility Guidelines (ADAAG) of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* to ensure complying access to the public accommodation known as Izzy's Steak & Chop House, located at/near 3345 Steiner St., San Francisco, California, and thereafter, to maintain such access as follows:

    a. provided handicapped-accessible women's restroom;

    b. provided handicapped-accessible men's restroom;

    c. provided reduced door pressure throughout; and,

    d. provided a handicapped-accessible bar.

4. **Release of Future Claims for Equitable Relief**

MOSS/DREES, for themselves and their heirs, successors and anyone else who may purport to have an interest by or through them, further agree that no claim will be made in the future for equitable relief or remedial measures to be undertaken as a result of any alleged discrimination and/or other wrongful conduct by IZZY'S STEAK & CHOP HOUSE, INC., a California corporation; and LOUIS KALISKI, INC., a California corporation and release each of the Released Parties from any such equitable relief claims arising out of NICOLE MOSS's visit to the subject Izzy's Steak & Chop House, Inc. on or about April 25, 2004.

///

5. **No Admission of Liability**

The parties agree that the liability for all claims alleged in the Action is denied by the Released Parties.

6. **Waiver of Section 1542 of the Civil Code**

MOSS/DREES agree that the provisions of Section 1542 of the Civil Code of the State of California are hereby expressly waived, and they understand that said section provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

7. **MOSS/DREES Agree To Execute All Necessary Documents**

MOSS/DREES agree to execute any and all documents necessary to carry out the terms and provisions of this Agreement.

8. **No Reliance**

This Equitable Settlement Agreement and Release is executed without reliance upon representation by either the Settling Parties or any of their representatives.

9. **Opportunity to Consult with Counsel**

The parties hereto acknowledge that they have had an opportunity to consult with counsel to review this Agreement prior to entering into it. The parties further acknowledge that they have executed this Agreement after having obtained such counsel, or having waived their right and opportunity to do so with a full understanding of the legal effect of this Agreement.

10. **Co-Participation in the Drafting of This Agreement**

Each of the parties hereto represents that he or she fully participated in the drafting and terms of this Agreement. Accordingly, any ambiguities in the terms of this Agreement shall not be construed against any of the parties hereto and any doctrine of law regarding interpretation of any such ambiguities in the terms and provisions of this Agreement against the party drafting this Agreement shall not be applicable.

11. **MOSS/DREES Have Read Release or Have Had Release Read to Them**

MOSS/DREES have each carefully read (or have had read to them) each and every term of this Equitable Settlement Agreement and Release and have received advice of counsel as to the nature and extent of each of the terms and provisions hereof.

12. **Court Retains Jurisdiction**

It is expressly understood and agreed by and between the parties that the court in the above-referenced action will retain jurisdiction over the settlement of this action if necessary to carry out the terms of this Equitable Settlement Agreement and Release, a true and correct copy of which shall be attached to the order of dismissal.

It is further expressly understood and agreed by and between the parties that the court shall also retain jurisdiction to determine the amount of attorneys' fees and litigation expenses, if any, to be awarded to counsel for MOSS/DREES for their services should IZZY PARTIES fail to timely meet the terms of this Equitable Settlement Agreement and Release. In such event, the fee provisions under the Americans with Disabilities Act of 1990 (42 USC 12181, *et seq.*) and/or California Civil Code sections 51, *et seq.*, 54, *et seq.*, 55, *et seq.* and/or California Business & Professions Code section 17200 shall govern.

///

13. **Agreement of IZZY PARTIES to Carry Out the Terms**

The undersigned agent of IZZY'S STEAK & CHOP HOUSE has carefully read this Equitable Settlement Agreement and Release as to the nature and extent of each of the provisions of this Equitable Settlement Agreement and Release as to the nature and extent of each of the provisions of this Equitable Settlement Agreement and Release and agrees to execute any and all documents to carry out the terms and provisions set forth herein and that he has the authority to execute any and all documents to carry out the terms and provisions set forth herein as such terms and provisions apply to IZZY'S STEAK & CHOP HOUSE, INC. and will, in fact, carry out the terms.

The undersigned agent of LOUIS KALISKI, INC. has carefully read this Equitable Settlement Agreement and Release as to the nature and extent of each of the provisions of this Equitable Settlement Agreement and Release as to the nature and extent of each of the provisions of this Equitable Settlement Agreement and Release and agrees to execute any and all documents to carry out the terms and provisions set forth herein and that he has the authority to execute any and all documents to carry out the terms and provisions set forth herein as such terms and provisions apply to LOUIS KALISKI, INC. and will, in fact, carry out the terms.

14. **Integration**

No promises, inducements or representations regarding the subject matter of this Equitable Settlement Agreement and Release have been made by any party other than those set forth in this document or incorporated by reference. This Equitable Settlement Agreement and Release supersedes all prior negotiations and understandings concerning the subject matter of

this Equitable Settlement Agreement and Release and contains all terms and provisions of the agreement between the parties regarding its subject matter. There are no oral understandings, statements or stipulations bearing on the effect of the Equitable Settlement Agreement and Release that have not been incorporated in this Agreement. This Agreement shall not be amended, supplemented or abrogated other than by a written instrument executed by each of the parties.

15. **Counterparts**

This Agreement may be executed in counterparts, all of which together shall constitute one in the same Agreement.

IN WITNESS WHEREOF, NICOLE MOSS has hereunto set his hand this ___ day of _July_, 2005.

_____
NICOLE MOSS
(SEE ATTACHED NOTARY FORM)

IN WITNESS WHEREOF, PATRICK CONNALLY, as an officer of DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, has hereunto set his hand this ___ day of _____, 2005.

_____
PATRICK CONNALLY

*[SIGNATURES CONTINUED ON NEXT PAGE]*

Jul 21 05 02:30p      Ed Lenoioni

                                                    5630423                              p.2

IN WITNESS WHEREOF, R. SAM DUVALL, as an officer of IZZY'S STEAK & CHOP HOUSE, INC., has hereunto set his hand this 21st day of July, 2005.

_Robert Samuel Duvall_

Print Name: Robert Samuel Duvall

IN WITNESS WHEREOF, RAYMOND KALISKI, as an officer of LOUIS KALISKI, INC., has hereunto set his hand this __ day of _____, 2005.

_____

Print Name: _____

MUTUAL SETTLEMENT AGREEMENT AND RELEASE
Moss, et al v Izzy's, et al.                Page 9 of 9